The final argument we have today is in the case of the United States v. Sanchez, docket 21-20-10. Mr. Hotchkiss, we're ready to hear from you when you're ready to begin. Thank you, Your Honor. Good morning, Judge Phillips, Judge Briscoe, Judge Balbach, Mr. Kinney. May it please the court, my name is Todd Hotchkiss. I represent the appellate, Victor Sanchez. Mr. Sanchez was convicted in the district court of the crime of felon in possession of a firearm. The issue before the court is whether the district court erred in applying the four-level enhancement under United States Sentencing Guidelines Section 2K2.1b6 for possessing a firearm in connection with another felony offense. That other felony offense was the possession of a stolen vehicle. In that regard, isn't United States v. Walters dispositive here? Are you raising the issue for en banc or for Supreme Court review, or do you contend that case is distinguishable? I contend that case is distinguishable, Your Honor, for a couple of reasons. One is that the gun in Walters was, I believe, under the seat of the vehicle, and the firearm Mr. Sanchez had was concealed on his person. Mr. Sanchez, when he was encountered, was outside of the vehicle. Furthermore, another fact that is relied on is the popped-out ignition, but the facts here do not show that that was a concern of Mr. Sanchez, and by that I mean, Your Honor, that the encounter occurred at five o'clock on July 16th after Mr. Sanchez had pulled into a gas station. Mr. Sanchez also had a passenger in his car, and Mr. Sanchez exited the car and went into the gas station and comes out. So the facts of this case do not show that there is any evidence that Mr. Sanchez had any heightened concern about the popped-out ignition being observed to signal that he was possessing a stolen vehicle. That is not the case at all. I believe that Walters is completely distinguishable. Where does that come from? You're or your case? I'm saying that's the distinction, Your Honor. That's one distinction. And what authority do you have that says that that's a distinction? The district court record pages three and four of the pre-sentence report lay out the facts of what happened at the gas station that day. Well, there's no debate, is there, that this is a stolen car? That is correct. There's no debate for the condition of the ignition, that is, it was being hot-wired to run the car, right? I would... Let's say there's... the ignition was not in place. Correct, correct. Okay, so what... I don't... I'm... I'm with Judge Baldock. I don't understand why you're saying he was not concerned. You're saying that he left the vehicle so he didn't need the gun to protect his stolen property from others? That is correct. Because he left the vehicle, that's your theory? Okay. Well, it's... yeah, it's part of... in responding to the case law cited, yes, that he... Mr. Sanchez did not evidence any heightened concern of the vehicle being... of that ignition being seen by others. As a matter of fact, the passenger indicated in the record of pages three to four that he did not know Mr. Sanchez, that Mr. Sanchez had given him a ride, and Mr. Sanchez left the vehicle at five o'clock on July 16th, right? I mean, it's still daytime, and when he came out and saw police, he made no attempt to protect the vehicle. He ran away and dropped the firearm. So the evidence... Counsel, if he wasn't... if he wasn't concerned about anything, why did he run? I mean, and that's what you're acknowledging. He ran, but if he wasn't concerned when he came out of the gas station about anything, what made him... what... what are the facts in this case that made him run other than the police officer was there? Well, I think, Your Honor, a person's desire to not get arrested is different from protecting the vehicle. And this court has clearly ruled previously in U.S. v. Gomez-Arellano and U.S. v. Brown that mere possession of the firearm is insufficient, and there must be evidence. The government had the burden to produce a preponderance of the evidence, and there was no evidence presented other than Mr. Sanchez possessed a firearm and possessed a stolen vehicle. And is it significant that he had a firearm on his person? I believe so, and I believe it's also significant that it was concealed because part of the government's attempt to show and to affirm the district court ruling with emboldenment... this is through the line, through the lens of emboldenment, Your Honor, Walters becomes more distinguishable, you know, because it was not even in the car, was not connected to the car, it was connected to his person. He had it and it was concealed on his person, and the passenger was spoken to by police. It's in the record, pages, second volume of the record, pages three to four, and there was no evidence that came of that, that the passenger even saw the firearm or connected any firearm to the stolen vehicle. There was no evidence of Mr. Sanchez having said to him, you know, rebuffing an attempt by the police. There was no evidence of that nature. Counselor, I may be the only one confused then, but 2K2.1BB6 is what I thought we were talking about, and that requires the firearm either facilitates or has the potential to facilitate another felony offense. And I heard you said there's a stolen car and he has a weapon and it may have been concealed when he ran and he threw it down on the ground. The second part of that, you don't think that that's the potential of facilitating another crime? Is that your argument? My argument is there has to be evidence of that, Your Honor, of that particular element. Possession of a firearm and also possession of a stolen car, your argument is that that's not evidence of a potential basis of creating another crime. Not in this case, Your Honor, given the evidence of this case. It can be in other cases, but given the evidence in this case that we have, especially when this court has held in United States v. Justice, that emboldenment is not always present and that there must be evidence to support it. And in this case, there is no evidence to support it. Let me just ask you something that's running through my mind, which is when Mr. Sanchez comes out of the store, it's not the police but instead it's the rightful owner of the property, the automobile, who is opening the door and demanding that the passenger get out because it belongs to him. I don't see the defendant running away and throwing away his firearm in that instance. And the word potential gives the district court some leeway to imagine what else might have happened, doesn't it? Um, but it has to, it does whenever potential is discussed as opposed to actualized, Your Honor, but it has to be rooted in the evidence. And a good example of that, um, let's see, is the, there's a case, one of the, I'm trying to find it, one of the cases involved the defendant, um, putting his hand on the gun. This is the Brown case, United States versus Brown. This is a good example, Your Honor, of evidence of potentiality. Um, and that is when the defendant was seen, um, hesitating with his hand on the gun. That would be, uh, he's not using the gun, but that is evidence of potentiality. Um, I don't know what Mr. Sanchez would have done in your hypothetical, Your Honor. I don't know what he would have done. There's no way to know. Well, let me ask you that, the connection with the hypothetical, it looks to me like you're saying that had he still had the gun in his possession, then it would have been potential, but since he didn't have the gun in his possession, it wasn't potential to be used. Is that your argument? No, no, my, my, no, no jibs, Paul. My argument is we don't know. And hypothetically, um, he, he, he may not have ran away. Hypothetically, he may have came out and walked around the corner. Um, we, I don't know what he would have done in that particular instance, but he, he, in, in the facts of this case, he, uh, we know what he did and he ran and he dropped the firearm. Um, the district court has already ruled, uh, that we had objected and the district court granted the objection that the dropping of the firearm was, was not a reckless creation of a substantial risk of death or serious bodily injury. Um, and so we are left with, you know, simple, undisputed facts that fly in the face of the inference that the district court made. Well, then let's talk about the facts that the district court in the holding that possession of the firearm has the potential to facilitate possession of stolen vehicle, a factual finding subject to a clear error review. If what's our, what are you arguing then that is our standard of review? If it's a fact, if it's a, uh, I would argue this I'm, I'm arguing this year that because the court had to find a preponderance of the evidence, I think the district court would have created, would have made clear error by finding there was a preponderance of the evidence and also would have created reversible error on the ANOVA review by applying that preponderance of the evidence to, uh, 2k1.1b6. What do we do with the, what do we do with the application note 14 that the district court applied? Uh, that is, that is the source of the language of, uh, potential to facilitate. And don't we have to apply that application note? And we've even said, I think even the Supreme Court has said, if the district courts don't apply the application notes, that's a potential error. I believe it has to be applied, Your Honor, but the potential, uh, in that application of the key word, phrase, potential to facilitate must be supported by a preponderance of the evidence. And the evidence does not exist. I'd like to reserve at least the balance of my time. Thank you. Mr. McKinney. May it please the court. Uh, this is Abel again for the United States. I'd like to first address the mere possession argument that council has made and then the, uh, argument that there's some evidence of concern required. Uh, the government is not relying on mere possession here. There's more than mere possession of the, of the firearm because the defendant had the gun on his person, on his waist, it was loaded and his car ignition, the ignition of the stolen car was popped out, which indicated to any, would indicate to any informed observer, including the police officers that it was stolen. So you can have, you could also have a possession of, of, I think the fact that this is not mere possession is shown because we can imagine circumstances in which there is possession of a firearm in a vehicle, but in which there's no, uh, it's not in connection with the vehicle status as a stolen car. So for example, did he leave the car running when he went into the store? Your Honor, I'm not sure if the, the, the pre-sentence report says either way, that's the facts of the offense are coming from. So I don't know if he had it running or not, but suppose the district, suppose the defendant had placed the firearm in a suitcase in the back, in the trunk of the car and close the trunk. In that case, I think the defendant would have a good argument that this isn't in connection with the offense. He would still possess the firearm because it's within his dominion and control, but he would have a much better argument that the, the enhancement doesn't apply. Uh, with respect to the concern point or the, the idea that there's an, a need to show evidence that the defendant was actually concerned about having the possession of the car taken away from him. That's not what this enhancement requires that application note 14a applies. If there's even a potential for, uh, the, just for the defendant to use the firearm to court did not clearly err by, uh, so finding, uh, if someone had tried to take it, he could have defended himself. He could have defended his possession of the car and the fact that does this enhancement affect his sentence? Your honor. Um, he got 96 months. I, I think we could argue. And if, if you omit this, if you omit this enhancement from the calculation, does his guideline range still exceed 10 years? Your honor, I, I'm not sure, but I think what the reason we didn't argue that was this court has held in other cases that the defendant, the district court has to start from the right place and considering the sentencing guidelines in it. He didn't, the district court did not make any remark that to the effect that if, if even if this enhancement wasn't here, I would give the same sentence or anything like that. So we're not, we're not relying on that. Or even if you had 10 enhancements and you took off this one, you still have a lot of overflow. So you'd still have a lot of wiggle room that would be irrelevant when the mandatory maximum is 10 years. So none of that in your view comes into play here because you didn't argue it. Well, I think my understanding of the law is that the, this court requires the district court to start out, uh, with the right place. Okay. I get your point. I'm not understanding. I'm sorry, your honor. That's okay. I will move on. Okay. Uh, with respect to concern, maybe I already said this, but there's, there's no requirement of evidence of concern. And the fact that he wisely chose not to use the firearm when police were chasing him. Uh, I don't think that matters at all. Either the, the factual basis for the enhancement applies, uh, based on before there's sufficient facts to support the enhancement, uh, based on the facts that existed before the He had the firearm while he was driving the stolen vehicle in an easily accessible place. And that was sufficient. And what he did later, uh, really doesn't, doesn't detract from that. So unless the court has any other questions, we would, uh, I just have one. I just have one. So, so say, um, he stole a car and he parked it next to his apartment building. He got into another car that he owned and was not stolen, went to the quick trip, was stopped by police. He had a gun on him. Is your enhancement valid? Then he has a gun on him the entire time. Your honor. Yeah. Okay. I think we would argue that, that it does based on when he was driving the stolen vehicle. Uh, you can, you can reach back in time and say, it's all connected. If you had a gun and you committed a felony, it's all good. And it's in furtherance out. I think it's still his driving in a stolen vehicle would still be part of the, if it's still, if it's part of the relevant conduct for this offense. I think, I think her example was that he was driving a car that he owned the stolen vehicle still back at his apartment. If I understood the question, would you answer the same there? Well, I understood that he drove the stolen car at one point. Was that not part of the park? I think that when, when he was driving that stolen vehicle, that the enhancement, because he did that, the enhancement would apply. You'd have to prove that though. Right. We would, and it might be difficult for us to prove. You might have an argument that it's not part of the relevant conduct, depending on what we arrested him for. But if, if we, if we arrested him for something that, for which it's part of the relevant conduct, I would think that the enhancement would apply. I mean, if we, if we, if he was arrested for some completely unrelated offense, maybe. You'd charge him for possessing it while he had the stolen automobile, wouldn't you? I'm sorry. If you had the evidence that he possessed it when he was driving a stolen automobile, that would be your charge, wouldn't it? Well, well, if he's a felon in possession, we would charge him a felon in possession, but the, the possessing the stolen vehicle was a state felony. I don't know that, that we could charge him with that unless he was maybe on a federal enclave or something like that. But, but, but, but if it's part of the relevant conduct for a federal offense, I think we would ask that the enhancement. What I'm saying is if he's at the quick trip on Sunday, that you can prove that he had the firearm driving up and down the main drag on Friday, you're going to charge that he had the gun on Friday. Right. We're going to ask for the enhancement in that circumstance, probably. And you charge possession and furtherance of a felon, not just felon in possession. I think all we charged was felon in possession, Your Honor, in this case. But we, we, we might, if there's some other basis to include it as an enhancement, I think we would. Unless there's a, unless there are any other questions, Your Honor, I think we have rested our reach for the remainder of the argument. Okay. Thank you, Mr. Hodgkiss. You have some time remaining. Thank you, Judge Phillips. I reviewed Walter's very quickly, Judge Phillips, and another distinguishing part of Walter's was in Walter's, there was an actual attempt to, to, by the owner to take possession of the vehicle. And there was an attempt by the defendant, the defendant rebuffed that. And the defendant in Walter's was widely known to be somebody who possessed firearms. And there is no such evidence in this case. The last point I wish to make is that in United States v. Justice, this court noted that evidence of, evidence of when the defendant possessed the firearm in connection with the other felony was, was a relevant consideration. In other words, was the gun acquired after or before the commission, you know, the, the other felony. And here we have no evidence of how long, if he had acquired the stolen vehicle first, and then acquired the firearm second, or the other, there's no evidence of that. I'm beyond my time. Thank you for accommodating me. We request this court reverse the district court and good luck to the court and Mr. Pugh. Thank you, counsel, for your arguments. The case is submitted. Counsel are excused and the court will stand in recess pending next term of court.